COMMONWEALTH *vs.* WILLIAM W. WOODS.

Franklin.   September 19, 1916. — October 14, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Ice.  Hawkers and Peddlers.*

In R. L. c. 57, § 44, which provides that "Whoever, being engaged in the business of selling ice at retail, refuses to sell, from any place or vehicle engaged in the regular distribution of ice at retail, a piece of ice at the fair value thereof to any person, other than an ice dealer, shall . . . be punished by a fine of not more than one hundred dollars," the words "any .·. . vehicle engaged in the regular distribution of ice at retail" describe a cart from which ice is peddled, and the statute does not apply to a wagon sent out by an ice dealer to deliver ice in performance of contracts previously made.

LORING, J.  This is a complaint under R. L. c. 57, § 44.* On the facts agreed to by the parties the presiding judge † subject to an exception by the defendant directed the jury to find a verdict of guilty.

The facts which the government contends make out a violation of the act were these: As the defendant was driving an ice cart through one of the public streets of a town in the Commonwealth "in the regular course of his business and in the regular distribution

---

* R. L. c. 57, § 44, provides that "Whoever, being engaged in the business of selling ice at retail, refuses to sell, from any place or vehicle engaged in the regular distribution of ice at retail, a piece of ice at the fair value thereof to any person, other than an ice dealer, shall, if such person tenders in payment therefor the amount of five cents or any multiple thereof not more than fifty cents in legal money of the United States, be punished by a fine of not more than one hundred dollars."

† *Sisk,* J.

of ice at retail to supply his regular customers," the complainant, who was a retail meat dealer (not dealing in ice and so within the act), asked the defendant to sell him fifty cents' worth of ice, tendering to the defendant a fifty cent piece. The defendant refused to accept the tender and refused to sell any ice to the complainant.

At the argument in this court the government assumed that at the time in question the defendant was peddling ice from the cart in question. The defendant on the other hand assumed (in effect) that the defendant was delivering ice from the cart in performance of contracts previously made.

Upon the question whether the cart was a delivery wagon or a peddler's cart the facts agreed on are not as explicit as they might have been. But it is plain that the jury were warranted in finding that the cart was a delivery wagon and not a peddler's cart. If they did so find the exception must be sustained, for we are of opinion that a delivery wagon is not within the statute.

The wording of the statute is not decisive of this question. Under these circumstances we must have recourse to matters of substance.

It is a matter of common knowledge that there are many persons in the Commonwealth who are too poor to own a refrigerator or an ice box and who consequently have to buy ice in small or rather very small quantities or go without and that in seasons of great heat ice is practically, if not really, a necessity of life. Manifestly it was to secure to such persons this commodity (at times a necessity of life) that the act was passed.

On the other hand if persons in the street or streets through which a delivery wagon has to pass (which is sent out in the performance of contracts for the sale of ice) can take from it as much ice as they please (even though it be in the small amounts specified in the statute) due performance of contracts to deliver ice may be hampered and it is conceivable that there may be cases in which performance may be prevented.

It cannot be assumed that the Legislature intended to pass an act which had these results. At the same time if the act (so far as sales from vehicles are concerned) is confined to carts from which ice is being peddled, it well may have been thought that the object of the act would be obtained.

For these reasons we are of opinion that by the true construction of the words "from any . . . vehicle engaged in the regular distribution of ice at retail" the statute is limited to carts peddling ice and that it does not include delivery wagons sent out to perform contracts previously made.

Under these circumstances we do not find it necessary to consider the constitutional questions argued at the bar.

*Exceptions sustained.*

*F. M. Forbush,* for the defendant.

*J. H. Schoonmaker,* District Attorney, for the Commonwealth.